## Case No. 12,865.

### SIMMONS' CASE.

#### [1 Brown, Adm. 128.] [1]

District Court, E. D. Michigan. Nov., 1865.

CUSTOMS DUTIES — SMUGGLING — DEFINITION OF "WEARING APPAREL IN ACTUAL USE."

A person who goes to a foreign country for the purpose of buying clothing, is not within the provisions of ~ection 3 of the act of March 3, 1857 [11 Stat. 194], providing for the free entry of "wearing apparel in actual use * * * of persons arriving in the United States," notwithstanding he wears the same in returning home.

Information for smuggling. From the defendant's admission to the collector, it ap-

1 [Reported by Hon. Henry B. Brown. District Judge, and here reprinted by permission.]

peared that being a resident of Washtenaw county, Michigan, on the 17th of November, A. D. 1865, he went from there to Windsor, Canada West, for the purpose of buying an overcoat for his son, a lad of eighteen, who accompanied him. It was purchased and put on by the young man; the father and son recrossed the river into the United States, the son wearing the overcoat, passed by the custom house, and when stopped by a custom house officer, who seized the coat, declared that they had no intention of entering the goods.

Alfred Russell, Dist. Atty., for United States.

WILKINS, District Judge (charging jury). If the jury find the facts as stated in the testimony of the collector, I instruct you that the offense as matter of law is complete. Section 5 of the act of June 30, 1864 (Sess. Laws 1864, p. 207), provides for duty on clothing, as follows: "On clothing, ready made, and wearing apparel of every description, composed wholly or in part of wool, made up or manufactured wholly or in part by the tailor, seamstress or manufacturer, except hosiery, twenty-four cents per pound, and in addition thereto, forty per centum ad valorem." The defendant relies upon section 3 of the act of March 3, 1857 (11 Stat. 194), which provides for the free entry of "wearing apparel in actual use, and other personal effects (not merchandise), professional books, implements, instruments, and tools of trade, occupation or employment, of persons arriving in the United States." In my view of the law, the overcoat, although on the back of the young man, was not in "the actual use of a person arriving in the United States," within the meaning of the exemption. The use referred to in the statute is use prior to coming into the United States, by a person who has been abroad, or lived abroad, and who has not visited the foreign country for the very purpose of bringing in the clothing upon his body, with the design of thereby escaping the payment of duty. Otherwise a dozen men might cross repeatedly during the day, and bring over clothing enough on their backs to supply a clothing store. Moreover, in all cases of wearing apparel in use, tools, etc., a free entry must be made at the custom house, and a declaration made under oath, in writing, bringing the party within the exemption. See General Regulations Treasury Department, pp. 560, 600. I understand the practice is quite general of persons going to Canada and wearing back new clothes, sending the old ones by express. This is in direct violation of the law, and if satisfied of the facts, your verdict should be guilty.

Defendant convicted.